IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

2013 APR -5

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JERE PARKER,

Plaintiff

Civil Action No.

2:13-cv-215 MEF-SRW

v.

EQUABLE ASCENT FINANCIAL, LLC,

Defendant

JURY TRIAL
DEMANDED

## COMPLAINT

This action arises out of the efforts of the defendant to collect a debt which was claimed to be due from the plaintiff, Jere Parker. The defendant, Equable Ascent Financial, LLC, is a company which buys delinquent debts for the purpose of collecting the balances claimed to be due. Equable filed a lawsuit against Mr. Parker in the Montgomery County (Alabama) District Court in an attempt to collect a debt claimed to be owed by him. It did this without having evidence to back up its claims and without even having evidence to show that Equable had standing to assert these claims. In fact, Mr. Parker did not owe the amounts claimed and did not even have any information about the account which was the basis of Equable's claim against him. Mr. Parker filed an Answer denying liability. When the trial date came, Equable failed to appear in court and judgment was entered in favor of Mr. Parker.

This pattern -- filing suit without evidence to support a claim and with no intention to go to trial -- is common with debt buyers such as Equable. Equable filed the lawsuit against Mr. Parker knowing that it did not have the evidence to prove its claims in court in the hope that it

could use the lawsuit to get money from him without going to trial, either by getting a default judgment or by getting him to agree to make payments. It didn't work in this case, because Mr. Parker decided to fight back.

These actions violated Mr. Parker's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action he is asserting claims against the defendant under that Act. He also seeks damages under Alabama law for malicious prosecution and for wanton or willful misconduct. He seeks actual, statutory and punitive damages and his costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for malicious prosecution and for wanton and willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

### Parties

4. The plaintiff, Jere Parker, is an adult resident of Montgomery County, Alabama.

5. The defendant, Equable Ascent Financial, LLC, (hereafter, "Equable") is a Delaware limited liability corporation with its principal offices located in Buffalo Grove, Illinois. Among other things, Equable is engaged in the business of buying and collecting delinquent debts.

## Statement of Facts

6. On or about August 15, 2012, the defendant, Equable Ascent Financial, LLC, filed a lawsuit against the plaintiff, Jere Parker, in the Montgomery County District Court. The case was styled *Equable Ascent Financial, LLC as assignee of GE Capital Corporation v. Jere Parker*, Case No. DV-2012-902085 (hereafter referred to as "the Montgomery County lawsuit").

7. In the Montgomery County lawsuit, Equable sought a judgment in the amount of $2,347.93.

8. In the Montgomery County lawsuit, Equable also sought an award of $782.63 in attorney's fees, but stated this was sought "only if Plaintiff [i.e., Equable] is represented by a licensed practicing attorney and if the contract you signed so provides." The amount claimed is exactly one-third of the principal amount of the debt claimed as due.

9. The complaint and summons in the Montgomery County lawsuit were served on Mr. Parker on August 26, 2012, by delivering a copy to another person who lived at Mr. Parker's home.

10. On August 29, 2012, Mr. Parker, acting pro se, filed an Answer in the Montgomery County lawsuit denying that he owed the money claimed by Equable. In his Answer, Mr. Parker stated: "I deny these charges. I do not know anything about this."

11. Mr. Parker did not owe the amounts claimed by Equable and has no information about the account on which Equable based its claims in the Montgomery County lawsuit.

12. Following the filing of Mr. Parker's Answer, an Order was entered by Montgomery County District Judge Jimmy B. Poole setting the hearing on this matter for December 3, 2012.

13. Mr. Parker hired William D. Azar, an attorney admitted to practice in the State of Alabama, to represent him in the lawsuit filed against him by Equable.

14.  On December 3, 2012, Mr. Azar appeared in the Montgomery County District Court prepared to represent Mr. Parker in this matter.

15.  On December 3, 2012, no one appeared in the Montgomery County District Court to represent Equable.

16.  After no one appeared in the Montgomery County District Court to represent Equable, Judge Poole entered judgment in favor of Mr. Parker.

17.  At no time before or after the December 3 hearing did Equable or anyone acting on its behalf contact the court or Mr. Azar to advise them of any circumstances which had prevented Equable from appearing in court or to ask that the judgment be set aside and the matter set for another hearing.

18.  At no time after the December 3 hearing did Equable or anyone acting on its behalf file a notice of appeal or take any other action for the purpose of appealing Judge Poole's decision granting judgment in the Montgomery County lawsuit to Mr. Parker.

19.  On information and belief, at no time up to and including the date of the trial on December 3, 2012, did Equable have evidence sufficient to establish that Mr. Parker owed Equable the amounts they claimed.

20.  On information and belief, at no time up to and including the date of the trial on December 3, 2012, did Equable have evidence sufficient to establish that it was the rightful owner of the account at issue and that it was entitled to collect any sums which might be due under that account.

21.  On information and belief, when Equable filed the Montgomery County lawsuit, it had no intention of obtaining the evidence which might be needed to establish its claims in court, and it had no intention of taking that suit to trial and putting on evidence to establish its claims.

Instead, its goal was to obtain either a default judgment or an agreement from Mr. Parker to pay the sum claimed or some lesser sum.

22. The strategy described in Paragraph 30 above is one which is commonly followed by debt buyers and their counsel, who regularly file lawsuits to collect debts without having the evidence to establish their claims.

23. On information and belief, the strategy described in Paragraph 30 above is one which is regularly followed by Equable.

24. This strategy -- filing a lawsuit without the intention to use the court's procedures to resolve disputes by having an impartial fact-finder review evidence -- is an abuse of the court system.

25. As a result of Equable having filed the Montgomery County lawsuit, Mr. Parker was forced to spend a great deal of time working on this case to defend his interests.

26. Mr. Parker incurred expenses in defending the Montgomery County lawsuit for attorney's fees in the amount of $1,000.

27. As a result of the actions of Equable, as described in this Complaint, Mr. Parker suffered the stress of having to defend himself in a lawsuit seeking money he did not owe and of having to incur a fee to his attorney. These actions of the defendant caused Mr. Parker emotional distress, anger, shame, frustration, fear and humiliation for a period several months.

### First Cause of Action:
### Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

28. With regard to the collection of the amounts claimed to be owed to Equable by Mr.

Parker, as described in this Complaint, plaintiff Jere Parker was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

29. In its actions to collect this debt from Mr. Parker, as described above, defendant Equable Ascent Financial, LLC, was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

30. In its efforts to collect money claimed to be due from Mr. Parker, as described in this Complaint, the defendant, Equable Ascent Financial, LLC, violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a)  making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b)  using unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c)  misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(d)  threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that the defendant committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

31. The actions of Equable, as described in this Complaint, forced Mr. Parker to spend time working on and worrying about how to deal with its lawsuit, caused him to incur attorney's fees in the amount of $1,000, and caused him stress which resulted in emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Jere Parker, by counsel, hereby asks this Court to grant him the following relief under his First Cause of Action:

(a) judgment in favor of Mr. Parker and against defendant Equable Ascent Financial, LLC, for his actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Mr. Parker and against defendant Equable Ascent Financial, LLC, in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) an award of his costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.


## Second Cause of Action:
## Malicious Prosecution

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

32. As described above, the defendant, Equable Ascent Financial, LLC, initiated a civil lawsuit against Mr. Parker in the Montgomery County District Court, referred to above as the Montgomery County lawsuit.

33. At the time Equable initiated the Montgomery County lawsuit, it did not have probable cause to believe that it could produce evidence to substantiate its claims against Mr. Parker. It did not have evidence to show that he owed the sums claimed, and it did not have evidence to show that Equable was the party to whom those sums were owed.

34. At the time Equable initiated the Montgomery County lawsuit, it did not intend to obtain and present evidence to prove that the sums it claimed were in fact owed, and it did not

7

intend to obtain and present evidence to prove that those sums were owed to Equable.

35. At no time during the litigation of the Montgomery County lawsuit, up to and including the date on which judgment was entered in favor of Mr. Parker, did Equable obtain evidence to prove that the sums it claimed were owed by Mr. Parker or that Equable was the party to whom those sums were owed.

36. In filing the Montgomery County lawsuit, Equable acted with malice, in that it knew that it did not have probable cause to make its claims against Mr. Parker, it knew that its actions were not lawful, and it knew that its actions would cause Mr. Parker injury.

37. As described above, on December 3, 2012, judgment was entered in the Montgomery County lawsuit in favor of Mr. Parker.

38. The actions taken by the defendant, as described above, were actions which it knew or should have known would cause Mr. Parker financial loss and other harm.

39. The actions of the defendant, as described above, did in fact cause Mr. Parker to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Jere Parker, by counsel, asks this Court for the entry of judgment against defendant Equable Ascent Financial, LLC, for malicious prosecution, in an amount sufficient to compensate him for his damages suffered as a result of its actions. In addition, the plaintiff asks this Court for the entry of a judgment against the defendant for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Third Cause of Action:
### Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Third Cause of Action as if fully set forth herein.

40. The actions taken by the defendant, Equable Ascent Financial, LLC, in attempting to collect a debt from Mr. Parker, as described above, were actions taken in knowing or reckless violation of Mr. Parker's legal rights.

41. The actions taken by Equable, as described above, were actions which it knew or should have known would cause Mr. Parker financial loss and other harm.

42. The actions taken by Equable, as described above, did in fact cause Mr. Parker to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Jere Parker, by counsel, asks this Court for the entry of judgment against defendant Equable Ascent Financial, LLC, for wanton or willful misconduct, in an amount sufficient to compensate him for his damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against these defendants for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

JERE PARKER
Plaintiff
By Counsel

9

Edward M. Wayland, Esq
ASB-5319-A56W
2800 Zelda Road
Suite 100-5
Montgomery, AL  36106
(334) 409-9688
(334) 460-8670 (fax)
e-mail:  edwayland@yahoo.com

Anthony B. Bush, Esq.
Bush & Faulk, LLC
529 South Perry Street, Suite 18
Montgomery, Alabama 36104
(334) 263-7733
(334) 832-4390 (fax)
e-mail:  anthonybbush@yahoo.com


Counsel for Plaintiff Jere Parker